UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YVONNE GARNER : | |
| : | CIVIL ACTION NO.: |
| VS. : | |
| : | |
| CITY OF WATERBURY : | |
| RYAN CUBELLS, and : | |
| MARTIN SCANLON : | DECEMBER 30, 2015 |

## COMPLAINT

### INTRODUCTION & JURISDICTION

1.      This is an action for money damages and other relief to redress the deprivation by the defendants of rights secured to the plaintiff by the Constitutions and laws of the United States and the State of Connecticut.  More specifically, as a result of individual malicious acts; a failure to properly train; and the implementation of certain policies and practices, the defendants subjected the Plaintiff to:

    A) an unreasonable search and seizure, and used unreasonable force in the course thereof, violating the plaintiff's civil rights as guaranteed under the Fourth Amendment of the United States Constitution;

    B) a pattern of harassment and intimidation violating the plaintiff's civil rights as guaranteed under the Fourth Amendment of the United States Constitution;

1

C) an unlawful deprivation of property without cause for a prolonged period of time, violating the plaintiff's civil rights as guaranteed under the Fourth Amendment of the United States Constitution;

D) an unlawful arrest, and used unreasonable force in the course thereof, violating the plaintiff's civil rights as guaranteed under the Fourth Amendment of the United States Constitution;

E) multiple unlawful and unreasonable entries and searches of the plaintiff's home and unlawful and unreasonable detentions of the plaintiff and her family and friends, violating the plaintiff's civil rights as guaranteed under the Fourth Amendment of the United States Constitution;

F) conduct that violated the plaintiff's right to equal protection of the laws as guaranteed under the First and Fourteenth Amendment of the United States Constitution; and

G) intentional humiliation and infliction of emotional distress, in violation of the laws of the State of Connecticut.

2.     The defendant, City of Waterbury is the employer of the individual defendant officers. Defendant Police Officers Ryan Cubells, and Martin Scanlon of the Waterbury Police Department, engaged in many acts/omissions of wrongful conduct against the plaintiff, in violation of several of the plaintiff's

rights under the Constitutions and laws of the United States and the State of Connecticut as set forth in more detail herein.

3. Jurisdiction of this Court is invoked under the provisions of Section 1331, 1334(3), and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code, and on the pendant jurisdiction of this Court to entertain claims arising under state law, as all claims derive from a common nucleus of facts.

## PARTIES

4. During all times mentioned in this Complaint, the plaintiff, Yvonne Garner, was a resident of the State of Connecticut, living in Waterbury, Connecticut.

5. Defendants Ryan Cubells and Martin Scanlon were duly appointed officers of the Police Department of the City of Waterbury, acting under color of law, to wit, under color of the constitution, statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and/or the City of Waterbury. They are sued in this action, however, in their individual capacities.

6. The defendant, The City of Waterbury, Connecticut, is a municipal corporation and the public employer of defendant police officers Cubells and Scanlon, and is charged with the responsibility to adequately hire, train, supervise, control, and oversee the actions of the Waterbury Police Department, and its officers, and employees including defendant officers, Cubells and Scanlon.

7. At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other. Each defendant had a duty to prevent the others from violating the constitutional rights of the plaintiff and each defendant had a reasonable opportunity to prevent the other defendants from violating the plaintiff's rights. Despite this duty, and the opportunity to intervene, each defendant failed to intervene to protect the plaintiff, thereby proximately causing the injuries, losses and damages, hereinafter complained of.

**FACTS ESTABLISHING ANIMUS, CUSTOM, POLICY AND PRACTICE**

8. On or about April 2012, the plaintiff, Yvonne Garner, was at her home located at 96 Ridgewood Street in Waterbury with her family celebrating the birthday of a young family member. Due to a noise complaint, multiple Waterbury Police Officers arrived and subsequently arrested two black males in attendance, one of which was the plaintiff's son, Arnold Kirby. Subsequent to this incident, a pattern of harassment, intimidation and discrimination began against the plaintiff and her family which continued for at least the next thirteen (13) months, possibly longer.

9. Over at least the thirteen (13) months that followed this incident, defendant Cubells engaged in a pattern of wrongdoing that included regularly driving, or being driven by fellow unidentified officers, past the plaintiff's home at a slow rate of speed; on many occasions he would yell derogatory and intimidating comments at her or others who were at her home; other times he

would taunt, threaten or laugh in an effort to harass and intimidate her and others at her home.

10. Also in the months and years that followed the aforementioned incident, defendant Cubells would often arrive at and disrupt family gatherings that were occurring on the premises harassing the plaintiff and her guests. On several occasions, he even arrested member of the plaintiff's family, often unjustly.

11. On or about November 29, 2012 the plaintiff's grandson, D'Amont Simuel, was in possession of the plaintiff's vehicle, a 2001 Chevy Town and Country van. Mr. Simuel allowed another individual to drive the van and the two of them were subsequently followed and stopped by defendant Cubells along with another currently unidentified officer; defendant Cubells arrested Mr. Simuel and towed the aforementioned van. Defendant Cubells placed a "hold" on the van and refused and/or intentionally delayed the release of the van for many months. The plaintiff arrived on the scene of the arrest that evening and was advised by defendant Cubells "I doubt you'll ever get it [the van] back".

12. In the months that followed the aforementioned incident, the plaintiff attempted many times to have the van released but was repeatedly advised by members of the Waterbury Police Department that she would have to go through defendant Cubells in order to get the officer's "hold" released. Defendant Cubells refused to release the vehicle in a timely manner, did not file a seized property inventory with the criminal court clerk and did not obtain a search warrant or

other authorization for the continued seizure of the vehicle. Cubells intentionally delayed the release of the vehicle to further harass, intimidate and injure the plaintiff.

13.     On or about December 11, 2012 there was an incident that occurred across the street from the plaintiff's home wherein the plaintiff's stepson, Andre Burch, was arrested along with another party in a motor vehicle. The motor vehicle was towed from the scene. During this incident there were several people at the plaintiff's home including her son, Arnold Kirby, her sixteen (16) year old granddaughter, Mahogany Milton, and a friend of Mahogany's, Desa (last name unknown). Several people at the plaintiff's home had gone outside to see what was going on with the detention and arrest of Mr. Burch when an unidentified Waterbury Police Officer came over to the home and started speaking to the people in the yard.

14.     While the aforementioned officer was speaking with the people in the plaintiff's front yard, a dog got loose on the premises but still within the fenced in front yard. The officer pulled his firearm and threatened to shoot the dog. Subsequently multiple officers arrived and eight (8) people at the home were arrested. During this incident, a Waterbury Police Officer kicked down the door to the plaintiff's home and entered the home without a warrant or other justification. The officers on scene even arrested the plaintiff's minor

granddaughter and her friend who had been inside the home in their pajamas. When the plaintiff arrived on scene, she was prohibited from entering the home.

15. On March 28, 2013, defendant Cubells, along with three (3) other unknown Waterbury Police Officers, entered the plaintiff's home without a warrant and lacking any exigent circumstances. In so doing, defendant Cubells pushed the plaintiff to the side. Defendant Cubells and one other officer looked through the home while the other officers guarded the doors. The plaintiff was never shown a warrant and was subjected to an unreasonable search of her home and unreasonable use of force by defendant Cubells.

16. At some point after March 28, 2013, defendant Cubells again entered the plaintiff's home with several Waterbury Police Officers. During this encounter, defendant Cubells and his cohorts engaged in an illegal search and seizure and pattern of intimidation and harassment against the plaintiff and the people in her home. During this incident, defendant Cubells grabbed a black male that was in the plaintiff's kitchen and placed him in handcuffs; he woke the plaintiff's son, Sein Garner, up from his sleep on the couch by putting a gun in his face, yelling at him, and shoving him to the floor before placing him in handcuffs as well; defendant Cubells then forced the plaintiff's stepson out of a bedroom and placed him in handcuffs as well.

17. Following the shocking intimidation and harassment described in the aforementioned paragraphs, defendant Cubells and fellow officers then searched

the plaintiff's home. At no point in time did Cubells or his fellow officers show the plaintiff a warrant for the search or provide any explanation or justification for their conduct whatsoever.

18.   In early May 2013 while preparing her home for a birthday party for the one (1) year old granddaughter of the plaintiff, defendant Cubells again unlawfully entered the plaintiff's home. On this occasion, he was accompanied by as many as five (5) other Waterbury Police Officers. Without a warrant, absent consent, and without any justification whatsoever, defendant Cubells and his associates detained the people in the home, including the plaintiff, and searched the plaintiff's home allegedly looking for Arnold Kirby and others. No wanted parties were found.

19.   On or about May 27, 2013, a Memorial Day cookout was taking place at the plaintiff's home. At one point, Arnold Kirby runs past the plaintiff and into the neighbor's yard. Immediately thereafter, defendant Cubells comes running through her yard with his taser drawn. He proceeds to kick down the back door to the plaintiff's residence and runs upstairs. The plaintiff follows him into the home.

20.   Once inside the plaintiff's home, she questions defendant Cubells as to what he is doing. He has now put his taser away and has his gun drawn. Defendant Scanlon has now joined Cubells inside the home and are upstairs

outside a locked bedroom door. The plaintiff repeatedly advises defendant Cubells that Arnold Kirby is not in the room.

21. During this encounter, defendant Cubells repeatedly yells, curses, and spits at the plaintiff, acts in an aggressive and disturbing manner, and has his gun drawn.

22. Despite the door being padlocked from the outside, defendant Cubells kicks down the door to the bedroom claiming to be searching for Arnold Kirby. Once inside he discovers that no one is inside the room; he then searched the entire room including dresser drawers and closets. There is approximately $300 on the bed which defendant Cubells seizes.

23. Defendant Cubells subsequently places the plaintiff under arrest. In so doing he uses unreasonable force ignoring her complaints and warning of prior injury to her neck.

24. Defendant Cubells continued to act erratically causing significant damage to the plaintiff's home. Defendant Scanlon failed to intervene despite multiple clear opportunities to do so.

25. Once brought to the police station, the plaintiff's bail was set at one hundred thousand ($100,000.00) dollars despite no prior criminal record. The bond that was set was clearly punitive and done in a further effort to intimidate the plaintiff. Once brought to court the next day, the plaintiff's bond was reduced to a promise to appear.

26.     In support of the plaintiff's aforementioned arrest, defendant Cubells, in collaboration with his partner, defendant Scanlon, authored a false and misleading police report under penalty of perjury in an effort to justify their actions.

27.     The charges against the plaintiff were ultimately dropped by the State of Connecticut.

28.     At all times mentioned herein, defendants Cubells and Scanlon were in the course and scope of their duties.

> **Count I – 42 USC sec. 1983, v. Cubells and Scanlon: Unreasonable Search and Seizure**
>
> **Count II-- 42 USC sec. 1983, v. Cubells and Scanlon: Unreasonable and Excessive Force**

34.     The actions of the defendant officers detailed in paragraphs 8-33, violated the following clearly established and well settled constitutional rights of Yvonne Garner:

    a.     Freedom from the unreasonable seizure of his person;

    b.     Freedom from the use of excessive, unreasonable and unjustified force against her person.

> **Count III – 42 USC sec. 1983 – v. City of Waterbury**

35.     Paragraphs 1-34 are incorporated herein by reference as though fully set forth.

36. Prior to May 27, 2013, The City of Waterbury developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Waterbury that caused the violation of Yvonne Garner's rights.

37. It was the policy and/or custom of the City of Waterbury to inadequately supervise and train its police officers including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

38. The policies and/or customs included:

    a. improper training and supervision in the area of incidents involving the interaction between officers and citizens;

    b. improper supervision, investigation, and review of police officer behavior, including the use and deployment of reasonable force under the circumstances then and there existing;

    c. improper training of officers in the area of use of force.

39. As a result of the above described policies and customs, police officers of the City of Waterbury, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

40. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Waterbury to the

constitutional rights of persons within the City, and were the cause of the violation of the plaintiff's rights, as alleged herein.

WHEREFORE, the plaintiff requests that this Court:

a. Award compensatory and punitive damages to the plaintiff against the defendants, jointly and severally;

b. Award costs of this action to the plaintiff;

c. Award reasonable attorney's fees and costs to the plaintiff on Counts I, II, and III;

d. Award such other relief as this court may deem appropriate.

*The plaintiff hereby demands a jury trial.*

                    The Plaintiff,
                    Yvonne Garner

BY   /s/ *Ioannis A . Kaloidis*
      Ioannis A. Kaloidis
      The Kaloidis Law Firm, LLC
      21 Holmes Avenue
      Waterbury, CT   06710
      Phone No. (203) 597-0010
      john@kaloidislaw.com
      ct25510
      Plaintiff's Attorney

DATED: December 30, 2015