UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

YVONNE GARNER                     :
                                  :
                                  :
v.                                :      CIV. NO. 3:15CV01881(HBF)
                                  :
RYAN CUBELLS                      :
                                  :
                                  :


RULING ON DEFENDANT'S MOTIONS IN LIMINE

Pending is defendant Ryan Cubells's Motions in Limine to

preclude evidence or testimony regarding FBI recordings from

March 13 and 28, 2014, made after the events at issue in this

case.[1] Oral argument was held on October 4, 2017. The recordings

at issue were submitted for in camera review along with the

Internal Affairs Final Report. For the reasons that follow, the

motions **[Doc. ##68, 80, 90]** are **GRANTED**.

_____

[1]On September 22, 2017, defendant supplemented his motion in
limine to append a copy of a decision by Judge Bolden in
Anderson v. Scanlon, Civ. No. 3:14-cv-00829(VAB), 2017 WL
3974994 (D. Conn. Sept. 9, 2017) granting defendant Ryan Cubells
Motion in Limine to prohibit the introduction of the same FBI
recording at issue in this motion. [Doc. #80]. On October 26,
2017, defendant supplemented his motion in limine to append a
docket entry granting a similar motion to preclude the FBI
recordings in Kinion v. City of Waterbury, 3:11CV01941(JCH) (D.
Conn. Oct. 23, 2017) (ECF #133). Counsel in this case are
familiar with Judge Bolden's ruling having fully litigated the
matter in both Anderson and here. Defendant Cubells is
represented by the same counsel in this case and both the cases
before Judges Bolden and Hall. Although the plaintiffs differ in
this case and Anderson, they both retained the same counsel.

STANDARD OF REVIEW

"The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" <u>Palmieri v. Defaria</u>, 88 F.3d 136, 141 (2d Cir. 1996) (quoting <u>Banque Hypothecaire Du Canton De Genève v. Union Mines</u>, 652 F. Supp. 1400, 1401 (D. Md. 1987)); <u>see</u> <u>Luce v. United States</u>, 469 U.S. 38, 40 n.2 (1984) ("We use the term ["in limine"] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." <u>Capital Mgmt., L.P. v. Schneider</u>, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." <u>Levinson v. Westport Nat'l Bank</u>, No. 3:09-CV-1955(VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (quoting <u>Highland Capital Mgmt., L.P. v. Schneider</u>, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005)). Courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See <u>Nat'l Union Fire</u>

<u>Ins. Co. of Pittsburgh, Pa. v. L.E. Meyers Co. Grp.</u>, 937 F.

Supp. 276, 287 (S.D.N.Y. 1996).

<u>DISCUSSION</u>

On March 13 and 28, 2014, the FBI recorded defendant Ryan

Cubells in a bar with other Waterbury Police Officers while he

was on an unpaid suspension from duty and consuming alcohol.

Cubells was not the intended subject of the FBI investigation;

however, the recordings prompted an Internal Affairs

investigation by the Waterbury Police Department that led to the

subsequent termination of his employment. Defendant seeks an

order precluding his recorded statements made during the FBI

recording; evidence of any other wrongful acts uncovered in the

recording, Internal Affairs investigation and report; as well as

all evidence of the investigation itself. He argues that these

recordings are more prejudicial than probative and should be

excluded under Federal Rule of Evidence 403. Plaintiff

disagrees.

As a preliminary matter, there is no dispute that the

recordings were made after the events at issue in this lawsuit

and that none of the statements made by Cubells on the

recordings related to any of the allegations Garner has made

regarding her interactions with Cubells from April 2012 through

May 2013. [Second Amend. Compl. Doc. #85]. "[T]hus they are not

directly probative of [Ms. Garner's] claims, and they carry a

significant risk of unfair prejudice to Mr. Cubells." <u>Anderson</u>,

2017 WL 3974994, at *4 (citing <u>Jackson v. City of White Plains</u>,

No. 05-CV-0491 (NSR), 2016 WL 234855, at *2 (S.D.N.Y. Jan. 19,

2016) (excluding evidence of defendant police officer's prior

uses of force under Rule 404, noting that none of the acceptable

uses of such evidence—"motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of

accident"—were relevant to the plaintiff's excessive force

claims)).

> The admissibility of such evidence is governed by Rule
> 404 of the Federal Rules of Evidence. With certain
> exceptions, Rule 404 precludes the admission of
> "[e]vidence of a person's character or character trait
> ... to prove that on a particular occasion the person
> acted in accordance with the character or trait," Fed.
> R. Evid. 404(a)(1), as well as "[e]vidence of a crime,
> wrong, or other act ... to prove a person's character
> in order to show that on a particular occasion the
> person acted in accordance with the character." Fed.
> R. Evid. 404(b)(1).

<u>Jackson</u>, 2016 WL 234855, at *2.

Plaintiff contends that she will offer such evidence to

show Cubells's "underlying racism, use of excessive force and

lack of veracity." [Doc. #71-1 at 2]. The following statements

are representative of evidence plaintiff seeks to admit:

1. **"You know what else rope is good for hanging?"**-clear
   reference to lynching;
2. [made in context of reporting to Chief's office'
   **"with a white fucking cut out sheet over my fucking**

4

**head"**-clear reference to participating in a KKK ritual;

3. **"In the middle of the investigation, she tried to go up with another case where she saw me and _____ beating a black guy on Grove St and she had to leave the scene it was so bad."**-where Cubells is recorded bragging to his fellow officers about beating a black man;

4. **"I am embarrassed to say that I have exaggerated the stories I discussed that night."**-where Cubells discredits his own recorded statement in an effort to avoid discipline.

[Doc. #71-1 at 4 (emphasis in original)]. Without more, the statements that plaintiff contends demonstrate that defendant is a racist or uses excessive force are precluded pursuant to Fed. R. Evid. 404(a)(1). None of the statements made in the recordings related to plaintiff or the incidents alleged in this case.

> Excessive force claims are analyzed using an objective, not subjective, standard, requiring a plaintiff to "show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). This analysis is conducted "'without regard to ... underlying intent or motivation."' Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004) supplemented, 108 F. App'x 10 (2d Cir. 2004) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)).

Jackson, 2016 WL 234855, at *2.

Plaintiff argued that there will be testimony that Cubells used the term "you people" during his encounters with her which she concludes was racist. Defendant correctly points out that "you people" could also refer to criminal activity in the area

and/or members of her family or household who were subject to arrest. From the context of the conversation, argument about the meaning of the statement could give rise to a collateral issue that may delay the case. On this record, the statements would also be precluded under Fed. R. Evid. 404(a)(1).

More problematic, however, are statements probative of Cubells's character for truthfulness or untruthfulness made during the Internal Affair investigation and contained in the report. Fed. R. Evid. 608(b); see Anderson, 2017 WL 3974994, at *4 (finding the statements "could be particularly relevant for impeachment purposes in the event that Mr. Cubells contradicts anything reflected in the FBI recordings while giving testimony.")(citing Estate of Jaquez v. Flores, No. 10 CIV. 2881 (KBF), 2016 WL 1060841, at *8 (S.D.N.Y. Mar. 17, 2016)). Plaintiff has made a blanket assertion of admissibility of these statements. However, these are actually statements that Cubells made to Internal Affairs officers while denying the substance of the FBI recordings and were not contained in the actual FBI recordings. The report states that Cubells further claimed he could not recall the recorded FBI conversations and was under the influence of alcohol at the time. For these reasons, defendant's motions are granted.

CONCLUSION

Defendant's Motions in Limine to preclude evidence or testimony regarding FBI recordings **[Doc. ##68, 80, 90]** are **GRANTED**. Upon an appropriate showing that any specific portions of the recorded statements at issue are admissible, the Court may revisit the admissibility of this material.

This is not a Recommended Ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #44] on April 3, 2017, with appeal to the Court of Appeals. Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at Bridgeport, Connecticut this 2nd day of November 2017.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE